UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANGELO MITCHELL (#342857)

VERSUS                                    CIVIL ACTION

N. BURL CAIN, ET AL                       NUMBER 13-72-BAJ-SCR

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, May 14, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANGELO MITCHELL (#342857)

VERSUS                                          CIVIL ACTION

N. BURL CAIN, ET AL                             NUMBER 13-72-BAJ-SCR

<u>**MAGISTRATE JUDGE'S REPORT**</u>

Before the court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Angelo Mitchell.

This report addresses only whether the petition was timely filed.

### I. Background

Petitioner was found guilty of one count simple rape and one count possession with intent to distribute cocaine in the Nineteenth Judicial District Court for East Baton Rouge Parish, Louisiana on May 10, 2005.

On direct appeal the petitioner asserted the following assignments of error:

1.   he was denied effective assistance of counsel; and,

2.   there was insufficient evidence to support the simple rape conviction.

The Louisiana First Circuit Court of Appeal affirmed the petitioner's convictions and sentences. *State of Louisiana v.*

*Angelo Mitchell,* 2006-0417 (La. App. 1st Cir. 11/3/06) (unpublished opinion).  Petitioner sought supervisory review in the Louisiana Supreme Court.  The Louisiana Supreme Court denied review.  *State of Louisiana v. Angelo Mitchell*, 2006-2752 (La. 6/22/07), 959 So. 2d 494.

Petitioner signed an application for post-conviction relief ("PCRA") on December 20, 2007.  Petitioner asserted the following grounds for relief:

1.  he was denied effective assistance of counsel when counsel failed to object to the introduction of unrelated evidence of other crimes;

2.  he was denied effective assistance of counsel on appeal when appellate counsel failed to challenge on appeal the introduction of other crimes evidence at trial;

3.  he was subjected to vindictive prosecution for possession of cocaine with intent to distribute in violation of his equal protection rights;

4.  he was forced to chose between asserting a defense based upon his own testimony or to remain silent in violation of his due process rights;

5.  he was denied effective assistance of counsel when counsel failed to advise him that the State could use his testimony to file additional charges against him; and

6.  he was denied effective assistance of counsel when counsel failed to object the simple rape responsive verdict.[1]

The trial court denied the PCRA on January 19, 2012.

---

[1] This claim was raised in the petitioner's Supplemental Brief dated June 6, 2012.

Petitioner sought review in the Louisiana First Circuit Court of Appeal on February 13, 2012.  The Louisiana First Circuit Court of Appeal denied review on May 8, 2012.  *State of Louisiana ex rel. Angelo Mitchell v. State*, 2012-0318 (La. App. 1st Cir. 5/8/12).

Petitioner sought review in the Louisiana Supreme Court, which denied review on November 2, 2012.  *State of Louisiana ex rel. Angelo Mitchell v. State of Louisiana*, 2012-1333 (La. 11/2/12), 99 So.3d 664.

Petitioner signed and filed his federal habeas corpus application on February 4, 2013.

## II. Applicable Law and Analysis

### A. Timeliness

Respondent filed an answer and a supporting memorandum, both of which asserted only that the petition is untimely.[2]  Contrary to the respondent's argument, the petition is timely.

Under § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act, a prisoner in custody pursuant to the judgment of a state court has a one year period within which to file an application for a writ of habeas corpus.  The limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).

---

[2] Record document numbers 8 and 9.

3

As provided by § 2254(d)(2), the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending shall not be counted toward any period of limitation under this subsection.  A "properly filed application" is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing. *Lovasz v. Scig*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *Galindo v. Johnson*, 19 F.Supp.2d 697, 701 (W.D. Tex. 1998).  A court must look to state law to determine whether a state habeas application conforms to the state's procedural filing requirements. *Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009).

A state application is "pending" during the intervals between the state court's disposition of a state habeas corpus petition and the petitioner's timely filing of petition of review at the next level. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).  An application ceases to be "pending" within the meaning of § 2244(d)(2) when the petitioner fails to timely file an application for supervisory review at the next level.  *Id*. at 407.  A state court's subsequent decision to allow review may toll the time relating directly to the application, but it does not change the fact that the application was not pending prior to the application. *Id*.  After the period for appeal or seeking discretionary review has lapsed, an application ceases to be pending, but a subsequent

4

properly filed application entitles the petitioner to additional tolling beginning at the time of the "proper" filing.  *Id*.

Petitioner's convictions became final on September 20, 2007.[3] From the date the petitioner's convictions became final on September 20, 2007, until December 20, 2007, the date the petitioner filed his PCRA, 90 days of the limitations period elapsed.

From January 19, 2012, the date the trial court denied the PCRA, until February 13, 2012, the date the petitioner sought review in the Louisiana First Circuit Court of Appeal, the

---

[3] For the purpose of § 2244(d)(1)(A), a state conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. *See Causey v. Cain*, 450 F.3d 601, 606 (5th Cir. 2003) ("[A] conviction becomes final at the conclusion of direct review or when the time for such review has expired, as specified by AEDPA, regardless of when state law says finality occurs."). Normally that time expires 90 days after the state court of last resort enters its judgment. *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). But when the defendant concludes his state-court direct appeal before it reaches the state court of last resort, "the conviction becomes final when the time for seeking further direct review in the state court expires." *Id*. This federal rule applies even where state law provides that finality occurs on a different date. *Compare* La. Code Crim. Proc. art. 922(B) (providing that the court of appeal's judgment becomes final under Louisiana law fourteen days after the rendition of judgment in all cases in which an application for a writ of review is not filed with the Louisiana Supreme Court), *and* La. Sup. Ct. R. X, § (5)(a) ("An application seeking to review a judgment of the court of appeal ... after an appeal to that court ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal ...."), *with Roberts*, 319 F.3d at 693 n. 15 (noting that the judgment of an intermediate court of appeals is not final under Texas law until the mandate has issued), *and id*. at 694-95 (rejecting the argument that the mandate-issuance date should determine finality under AEDPA).

limitations period remained tolled.

From May 8, 2012, the date the Louisiana First Circuit Court of Appeal denied review, until June 6, 2012, the date the petitioner sought review in the Louisiana Supreme Court, the limitations period remained tolled.

From November 2, 2012, the date the Louisiana Supreme Court denied review, until February 4, 2013, the date the petitioner filed his federal habeas corpus application, 93 days of the limitations period elapsed.  By the time the petitioner filed his federal habeas corpus application, only 183 days of the limitations period had elapsed.  Petitioner's federal habeas corpus application was timely filed.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the court find the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Angelo Mitchell was timely filed, and that the petition be referred back to the magistrate judge for a supplemental report and recommendation on the merits of the petitioner's grounds for relief.

Baton Rouge, Louisiana, May 14, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE