UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANGELO MITCHELL (#342857)

VERSUS                                    CIVIL ACTION

N. BURL CAIN, ET AL                       NUMBER 13-72-SDD-SCR

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, September 2, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


ANGELO MITCHELL (#342857)

VERSUS                                          CIVIL ACTION

N. BURL CAIN, ET AL                             NUMBER 13-72-SDD-SCR


**MAGISTRATE JUDGE'S REPORT**

Before the court is the Petition Under 28 U.S.C. § 2254 for
Writ of Habeas Corpus by a Person in State Custody filed by Angelo
Mitchell.[1]

For the reasons which follow, the petition should be denied.


## I. State Procedural History

Petitioner was charged by bill of information with one count
of forcible rape in violation of LSA-R.S. 14:42.1 in the Nineteenth
Judicial District Court for East Baton Rouge Parish, Louisiana.
Petitioner entered a plea of not guilty and was tried before a
jury.  The jury could not reach a verdict and the court declared a
mistrial.  The bill of information was subsequently amended to add
one count of possession with intent to distribute cocaine in
violation of LSA-R.S. 40:967.

Following a second jury trial, the petitioner was found guilty

---

[1] The court previously determined that the Petition Under 28
U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State
Custody filed by Angelo Mitchell was timely filed.  Record document
number 13.

of one count simple rape and one count possession with intent to distribute cocaine in the Nineteenth Judicial District Court for East Baton Rouge Parish, Louisiana on May 10, 2005.

On direct appeal the petitioner asserted the following assignments of error.

1.   He was denied effective assistance of counsel.

2.   There was insufficient evidence to support the simple rape conviction.

The Louisiana First Circuit Court of Appeal affirmed the petitioner's convictions, his habitual offender adjudication and sentences. *State of Louisiana v. Angelo Mitchell,* 2006-0417 (La. App. 1st Cir. 11/3/06) (unpublished opinion). Petitioner sought supervisory review in the Louisiana Supreme Court. The Louisiana Supreme Court denied review. *State of Louisiana v. Angelo Mitchell*, 2006-2752 (La. 6/22/07), 959 So. 2d 494.

Petitioner signed an application for post-conviction relief ("PCRA") on December 20, 2007. Petitioner asserted the following grounds for relief.

1.   He was denied effective assistance of counsel when counsel failed to object to the introduction of unrelated evidence of other crimes.

2.   He was denied effective assistance of counsel on appeal when appellate counsel failed to challenge on appeal the introduction of other crimes evidence at trial.

3.   He was subjected to vindictive prosecution for possession of cocaine with intent to distribute in violation of his equal protection rights.

4.   He was forced to chose between asserting a defense based

upon his own testimony or to remain silent in violation of his due process rights.

5. He was denied effective assistance of counsel when counsel failed to advise him that the State could use his testimony to file additional charges against him.

6. He was denied effective assistance of counsel when counsel failed to object the simple rape responsive verdict.[2]

The trial court denied the PCRA on January 19, 2012. Petitioner sought review in the Louisiana First Circuit Court of Appeal on February 13, 2012. The Louisiana First Circuit Court of Appeal denied review on May 8, 2012. *State of Louisiana ex rel. Angelo Mitchell v. State*, 2012-0318 (La. App. 1st Cir. 5/8/12).

Petitioner sought review in the Louisiana Supreme Court, which denied review on November 2, 2012. *State of Louisiana ex rel. Angelo Mitchell v. State of Louisiana*, 2012-1333 (La. 11/2/12), 99 So.3d 664.

## II. Federal Procedural History

Petitioner signed and filed his federal habeas corpus application on February 4, 2013.

Petitioner raised the following grounds for relief.

Ground One.    There was insufficient evidence to support his simple rape conviction.

Ground Two.    He was denied effective assistance of counsel at trial when counsel failed to object to the introduction of unrelated other crimes

---

[2] This claim was raised in the petitioner's Supplemental Brief dated June 6, 2012.

3

evidence through the testimony of C.T.

Ground Three.    He was denied effective assistance of counsel
                 on appeal when counsel failed to raise a claim
                 regarding the State's impermissible use of
                 unrelated other crimes evidence through the
                 testimony of C.T.

Ground Four.     He was subjected to vindictive prosecution for
                 possession of a controlled substance with the
                 intent to distribute.

Ground Five.     His due process rights were violated when he
                 was forced to choose between exercising his
                 Fifth Amendment right to remain silent and
                 exercising his Sixth Amendment right to
                 testify on his own behalf.

Ground Six.      He was denied effective assistance of counsel
                 when counsel failed to advise him that his
                 testimony could be used by the State to file
                 additional charges against him.

No evidentiary hearing is required.

## III. Applicable Law and Analysis

### A. Standard of Review

Section 2254(d) provides  as follows:

   (d) An application for a writ of habeas corpus on
behalf of a person in custody pursuant to the judgment of
a State court shall not be granted with respect to any
claim that was adjudicated on the merits in State court
proceedings unless the adjudication of the claim-
        (1) resulted in a decision that was contrary to,
        or involved an unreasonable application of, clearly
        established Federal law, as determined by the
        Supreme Court of the United States; or
        (2) resulted in a decision that was based on an
        unreasonable determination of the facts in light of
        the evidence presented in the State court
        proceeding.

Section 2254(e)(1) provides as follows:

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Subsection (d)(2) of § 2254 applies to a state court's factual determination. It bars federal court relief unless the state court adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence." Subsection (d)(1) provides the standard of review for questions of law and mixed questions of law and fact. *Drinkard v. Johnson*, 97 F.3d 751, 767-68 (5th Cir. 1996), *cert. denied*, 520 U.S. 1107, 117 S.Ct. 1114 (1997).

The second clause of subsection (d)(1) refers to mixed questions of law and fact because it speaks of an "unreasonable application of ... clearly established Federal law." When the issue before the court is a mixed question of law and fact, the court may grant relief only if it determines that the state court decision rested on "an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court," to the facts of the case. The first clause of subsection (d)(1) refers to questions of law. When the issue raised involves a purely legal question, the court may grant relief only if it determines that a state court's decision rested on a legal determination that was "contrary to...clearly established Federal

law, as determined by the Supreme Court." *Id*.

Review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, ____ U.S. ____, ____, 131 S.Ct. 1388, 1399, 179 L.Ed.2d 557 (2011); *McCamey v. Epps*, 658 F.3d 491, 497 (5th Cir. 2011). Review under § 2254(d)(1) focuses on what a state court knew and did. *Cullen v. Pinholster*, 131 S.Ct. at 1399. "[E]vidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas corpus petitioner must overcome the limitation of § 2254(d)(1) based on the record that was before that state court." *Id.*, at 1400. State court decisions are measured against the Supreme Court's precedents as of "the time the state court renders its decisions." *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S.Ct. 1166 (2003). *Pinholster* prohibits a federal court from using evidence that is introduced for the first time at a federal-court evidentiary hearing as the basis for concluding that a state court's adjudication is not entitled to deference under § 2254(d). *Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011).[3]

---

[3] The Fifth Circuit Court of Appeals has held that a federal court may properly hold an evidentiary hearing when it determines, based solely on the state court record, that the state court's determination was contrary to or involved an unreasonable application of clearly established federal law. *Bobby Smith v. Burl Cain*, 708 F.3d 628, 634 (5th Cir. 2013).

To determine whether a particular decision is "contrary to" then-established law, a federal court must consider whether the decision "applies a rule that contradicts [such] law" and how the decision "confronts [the] set of facts" that were before the state court. *Williams v. Taylor*, 529 U.S. 362, 405, 406, 120 S.Ct. 1495, 1519 (2000). If the state court decision "identifies the correct governing legal principle" in existence at the time, a federal court must assess whether the decision "unreasonably applies that principle to the facts of the prisoner's case." *Id.*, at 413, 120 S.Ct. at 1523.

### B. Ground One: Insufficient Evidence

In Ground One the petitioner argued that the evidence was not sufficient to support his simple rape conviction.

The standard for gauging the sufficiency of the evidence to support a conviction is well established. "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979) (emphasis in original). Even if state law would impose a more demanding standard of proof, only the *Jackson* standard must be satisfied to maintain the constitutionality of a conviction. *Gilley v. Collins*, 968 F.2d 465 (5th Cir. 1992); *Schrader v.*

*Whitley*, 904 F. 2d 282, 284 (5th Cir.), *cert. denied*, 498 U.S. 903, 111 S.Ct. 265 (1990). The evidence may be found sufficient to support a conviction even though the facts also support one or more reasonable hypotheses consistent with the defendant's claim of innocence. *Gilley*, *supra*; *Gibson v. Collins*, 497 F.2d 780, 783 (5th Cir. 1991). The *Jackson* standard applies to both bench and jury trials. *Jackson*, 433 U.S. at 309, 311 and n. 3, 317 n. 8, 99 S.Ct. at 2783, 2785 and n. 3, 2788 and n. 8.

The substantive elements which the state must prove to convict a defendant are determined by state law.

At the time of the petitioner's offense, rape was defined as follows:

> A. Rape is the act of anal, oral, or vaginal sexual intercourse with a male or female person committed without the person's lawful consent.
>
> B. Emission is not necessary and any sexual penetration, when the rape involves vaginal or anal intercourse, however slight, is sufficient to complete the crime.
>
> C. For purposes of this Subpart, "oral sexual intercourse" means the intentional engaging in any of the following acts with another person:
>   (1) The touching of the anus or genitals of the victim by the offender using the mouth or tongue of the offender.
>   (2) The touching of the anus or genitals of the offender by the victim using the mouth or tongue of the victim.

LSA-R.S. 14:41.

At the time of the petitioner's offense, forcible rape included:

A. Forcible rape is a rape committed when the anal, oral, or vaginal sexual intercourse is deemed to be without the lawful consent of a victim because it is committed under any one or more of the following circumstances:

(1) When the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistence would not prevent the rape.

(2) When the victim is incapable of resisting or of understanding the nature of the act by reason of stupor or abnormal condition of the mind produced by a narcotic or anesthetic agent or other controlled dangerous substance administered by the offender and without the knowledge of the victim.

LSA-R.S. 14:42.1.

At the time of the petitioner's offense, simple rape included:

A. Simple rape is a rape committed when the anal, oral, or vaginal sexual intercourse is deemed to be without the lawful consent of a victim because it is committed under any one or more of the following circumstances:

(1) When the victim is incapable of resisting or of understanding the nature of the act by reason of a stupor or abnormal condition of mind produced by an intoxicating agent or any cause and the offender knew or should have known of the victim's incapacity.

LSA-R.S. 14:43.

A review of the trial transcript from the second trial shows that a fair and accurate summary of the evidence was provided by the Louisiana First Circuit Court of Appeal in its opinion. *Mitchell,* at 2-8. Nonetheless, because the plaintiff challenged the sufficiency of the evidence to support his conviction, and a clear understanding of the trial testimony is needed to evaluate this claim, a more detailed summary of the trial testimony is

attached to this report.  The trial testimony is not included in the body of this report because of the graphic nature of the victim's testimony.

The appellate court reached the following conclusion regarding the sufficiency of the evidence supporting the petitioner's simple rape conviction.

> In the present case, both [the victim] K.G. and defendant testified that the sexual intercourse that occurred between them was in defendant's hotel room.  The sole issue was whether K.G. consented to the activity as defendant claimed.  Accordingly, the issue of consent hinged on the determination of the credibility of witnesses.
> The jury's determination that defendant was guilty of simple rape indicates that it found K.G.'s testimony that she did not consent to sexual intercourse to be more credible than defendant's testimony claiming K.G. consented.  K.G.'s testimony indicated that defendant's demeanor changed after she declined several invitations to spend the night with him.  K.G. testified that defendant told her, "Either, you know, you can go with it and enjoy it, or it will be the worst experience of your life."  When viewed in the light most favorable to the prosecution, this clearly indicates K.G.'s belief that any resistance on her part would not have prevented the rape was reasonable.
> After reviewing the record and applying the standard of review incorporated in Article 821, we find there is sufficient evidence to support a conviction for forcible rape, which was the charged offense.  However, considering the jury returned a responsive verdict of simple rape, we accept that such verdict was, in fact, a compromise verdict.

*Mitchell,* at 10-11.

A careful review of all the evidence, viewed in the light most favorable to the prosecution as required by *Jackson*, shows that there was sufficient evidence to support the petitioner's

conviction. Furthermore, the petitioner has not carried his burden to rebut the presumption of the correctness of state court's factual findings by clear and convincing evidence, as he is required to do by § 2254(e)(1). Petitioner's insufficiency of the evidence claim has no merit.

## C. Grounds Two, Three, Five and Six: Ineffective Assistance of Counsel

In Grounds Two, Three, Five and Six, the petitioner argued that he was denied effective assistance of counsel at trial and on appeal. Specifically, in Ground Two the petitioner argued that trial counsel was ineffective when he failed to object to the introduction of unrelated other crimes evidence and request a hearing pursuant to La. C.E. 403. In Ground Three, the petitioner argued that he was denied effective assistance of counsel on appeal when appellate counsel failed to raise a claim that the trial court erred regarding the admission of other crimes evidence. In Grounds Five and Six, the petitioner argued that he was denied effective assistance of counsel when trial counsel failed to advise him that his testimony could be used to charge him with another crime.

Section 2254(d) applies to the petitioner's ineffective assistance of counsel claims because those claims were adjudicated on the merits in state-court proceedings.[4] Section 2254(d) applies

---

[4] *State of Louisiana ex rel. Angelo Mitchell v. State*, 2012-0318 (La. App. 1st Cir. 5/8/12); *State of Louisiana ex rel. Angelo*
(continued...)

11

even where, as in the petitioner's case, there was a summary denial. *Cullen v. Pinholster*, 131 S.Ct. at 1402. In these circumstances, the petitioner can satisfy the "unreasonable application" prong of § 2254(d)(1) only by showing that "there was no reasonable basis" for the Louisiana Supreme Court's decision.

Petitioner did not specifically argue that the state court's determination of his ineffective assistance of counsel claim was contrary to, or involved an unreasonable application of, clearly established federal law, namely *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984).

To obtain habeas relief based upon a claim of ineffective assistance of counsel, the petitioner must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. To prove deficient performance the petitioner must demonstrate that counsel's actions "fell below an objective standard of reasonableness." *Id.*, at 688, 104 S.Ct. at 2064. To prove prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.*, at 694, 104 S.Ct. at 2068, and that "counsel's deficient

---

⁴(...continued)
*Mitchell v. State of Louisiana*, 2012-1333 (La. 11/2/12), 99 So.3d 664.

performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844 (1983). "A reasonable probability is a probability sufficient to undermine confidence in the outcome," *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068; that probability requires a "substantial," not just "conceivable," likelihood of a different result, *Harrington v. Richter*, 562 U.S. 86,____, 131 S.Ct. 770, 792 (2011).

Habeas review of an ineffective assistance of counsel claim is "doubly deferential," *Knowles v. Mirzayance*, 556 U.S. 111, 112, 129 S.Ct. 1411 (2009), requiring a "highly deferential" look at counsel's performance, *Strickland, supra*, at 689, 104 S.Ct. at 2065, through § 2254(d)'s "deferential lens," *Mirzayance, supra*, at 121, n. 2, 1419 n. 2.

Because a criminal defendant is constitutionally entitled to the effective assistance of counsel on direct appeal as of right, *see Lombard v. Lynaugh*, 868 F.2d 1475, 1479 (5th Cir. 1989), the *Strickland* standard applies to claims of ineffective assistance of counsel by both trial and appellate counsel. *See Strickland*, 466 U.S. at 687, 104 S.Ct. 2052; *Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).

**1. Ground Two: Failure to Object to Other Crimes Evidence**

In Ground Two the petitioner argued that trial counsel was

ineffective when he failed to object to the introduction of unrelated other crimes evidence and request a hearing pursuant to La. C.E. 403.

The record evidence showed that prior to the petitioner's first trial, the trial court conducted a hearing to determine the admissibility of the other crimes evidence.[5] The court found the evidence admissible.[6] Before jury selection at the second trial the petitioner's trial counsel made a continuing objection to the ruling on the admissibility of the other crimes evidence.[7] The trial judge reiterated the previous ruling.[8] Consequently, trial counsel did object, and was not deficient for failing to specifically request another hearing pursuant to La. C.E. 403. This aspect of the petitioner's ineffective assistance of counsel claim is without merit.

## 2. Ground Three: Failure to Appeal Admission of Other Crimes Evidence

In Ground Three the petitioner argued that he was denied effective assistance of counsel on appeal when counsel failed to

---

[5] State Court Record, Vol. 3, pp. 583-516, Transcript Preliminary Examination Louisiana Code of Evidence Article 412.2 Notice of Intent to Introduce Evidence of Similar Crimes in Sex Offense Cases.

[6] *Id*. at 615.

[7] State Court Record, Vol. 4, pp. 924-25.

[8] *Id*. at 925 ("THE COURT: All right. It's the same evidence, same facts, same ruling.")

appeal the admission of other crimes evidence in contravention of LSA-C.E. Art. 403. The core of the petitioner's argument is that the other crimes evidence was so prejudicial that it rendered his trial fundamentally unfair.

A criminal defendant has a constitutional right to effective assistance of counsel in his first appeal as of right. *Evitts v. Lucey*, 469 U.S. 387, 393-94, 105 S.Ct. 830, 834-35 (1985); *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000). However, appellate counsel is not deficient for not raising every non-frivolous issue on appeal. *U.S. v. Reinhart*, 357 F.3d 521, 525 (5th Cir. 2004). The failure to brief what ultimately is a meritless issue does not constitute ineffective assistance of counsel. *Mendiola v. Estelle*, 635 F.2d 487, 491 (5th Cir. 1981). Where a petitioner argues that counsel failed to assert or fully brief a particular claim, he must show that his attorney's performance was both deficient and prejudicial. *Reinhart*, *supra*. Counsel's failure to raise an issue on appeal will be considered deficient performance only when that decision falls below an objective standard of reasonableness. *Id*. This standard requires counsel to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. *Id*. To show prejudice, the petitioner must show a reasonable probability that, but for his appellate counsel's error, the outcome of his appeal would have been different. *Pitts v. Anderson*, 122 F.3d 275,

279 (5th Cir. 1997).

A federal court does "not sit as [a] 'super' state supreme court in a habeas corpus proceeding to review errors under state law." *Wilkerson v. Whitley*, 16 F.3d 64, 67 (5th Cir. 1994) (quotation omitted); *Swarthout v. Cooke*, 562 U.S. 216, ____, 131 S.Ct. 859, 861 (2011) (federal habeas review does not lie for errors of state law); *Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 479-80 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S.Ct. 3092, 3102 (1990); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996), *cert. denied*, 520 U.S. 1242, 117 S.Ct. 1847 (1997). Habeas corpus review is limited to questions of constitutional dimension, and federal courts generally do not review the admissibility of evidence under state law. *Estelle*, 502 U.S. at 67-68, 112 S.Ct. at 479-480; *Gonzales v. Thaler*, 643 F.3d 425, 429 (5th Cir. 2011); *Jernigan v. Collins*, 980 F.2d 292, 298 (5th Cir. 1992). States are free to implement procedures regarding the admission and/or exclusion of evidence, provided those procedures do not infringe on a constitutional guarantee. *Burgett v. Texas*, 389 U.S. 109, 113-14, 88 S.Ct. 258, 261 (1967); *Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir. 1993).

Petitioner's claim that the trial court erred in admitting into evidence testimony regarding an unrelated sexual offense may support federal habeas corpus relief *only* if the state court

evidentiary ruling violates due process in such a way as to render the petitioner's criminal proceedings fundamentally unfair. *Lisenba v. People of Sate of California*, 314 U.S. 219, 236, 62 S.Ct. 280, 289 (1941).

Federal habeas review of the admission of evidence is limited to whether the state court's evidentiary ruling was sufficiently egregious to render the trial fundamentally unfair or to violate an explicit constitutional right. *Peters v. Whitley*, 942 F.2d 937 (5th Cir. 1991); *Edwards v. Butler*, 882 F.2d 160, 164 (5th Cir. 1989). The challenged evidence must be "a crucial, critical, or highly significant factor in the context of the entire trial." *Thomas v. Lynaugh*, 812 F.2d 225, 230 (5th Cir.), *cert. denied*, 484 U.S. 842, 108 S.Ct. 132 (1987); *accord Gonzales v. Thaler*, 643 F.3d at 430; *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007).

Petitioner was charged with one count of forcible rape. The State sought to introduce evidence from C.T., a witness who claimed to have been sexually assaulted by the petitioner in 2001, to demonstrate the petitioner's propensity to use threats and force against a victim who refused to consent to sex with him.[9] As noted above, following a hearing, the trial court determined that the other crimes evidence was admissible pursuant to La. C.E. art.

---

[9] State Court Record, Vol. 1, pp. 93-96, Louisiana Code of Evidence Article 412.2 Notice of Intent to Introduce Evidence of Similar Crimes in Sex Offense Case.

412.2(A).[10]

C.T. testified that on April 11, 2001, the petitioner was employed by her father at a business located in Alexandria, Louisiana where he had worked for approximately two months.[11] C.T. testified that at noon, while there were no other employees in the facility, the petitioner forced her down on a stool, unzipped his pants and said, "You're going to suck it."[12] C.T. testified that she repeatedly told the petitioner "No" and kept her face covered.[13] C.T. testified that the petitioner forced her to the ground and attempted to remove her pants and panties.[14] C.T. testified that she managed to get away and ran to the bathroom where she washed her face and removed grease from her arms and then walked to a nearby gas station where she met her boyfriend.[15] C.T. testified that she did not tell anyone about the incident until she spoke

---

[10] At the time of the charged offense in 2003, La. C.E. art. 412.2(A) provided as follows:

> A. When an accused is charged with a crime involving sexually assaultive behavior ... evidence of the accused's commission of another sexual offense may be admissible and may be considered for its bearing on any matter to which it is relevant subject to the balancing test provided in Article 403.

[11] State Court Record, Vol. 7, pp. 1503-1506.

[12] *Id.* at 1506-1508.

[13] *Id.* at 1507.

[14] *Id.* at 1507-1508.

[15] *Id.* at 1508-1509.

with her sister after work.[16]  C.T. testified that her sister made her return to the office and tell her father about the incident.[17] C.T. testified that she reported the incident to the police the next day and later learned that the petitioner was arrested.[18]  C.T. testified that she later dropped the charges after the petitioner repeatedly called her from prison.[19]

The challenged evidence regarding the alleged sexual assault of C.T. was not a crucial, critical, or a highly significant factor in the context of the petitioner's forcible rape trial.  As indicated in the analysis of the petitioner's sufficiency of the evidence claim, the victim provided more than enough evidence to support the petitioner's conviction.  Assuming that evidence of the sexual assault of C.T. had some prejudicial impact on the petitioner's defense, admission of the evidence was not sufficiently egregious to render the trial fundamentally unfair and did not violate an explicit constitutional right.  Because the state court's evidentiary ruling did not render the petitioner's criminal proceedings fundamentally unfair or violate an explicit constitutional right, the petitioner was not prejudiced by appellate counsel's failure to assert the claim on appeal.  This

---

[16] *Id.* at 1512.

[17] *Id.*

[18] *Id.* at 1512–1513.

[19] *Id.* at 1513.

component of the petitioner's ineffective assistance of counsel claim is without merit.

### 3. Grounds Five and Six: Failure to Advise That Testimony Could be Used to Charge Another Crime

In Grounds Five and Six the petitioner argued that he was denied effective assistance of counsel at his first trial when counsel failed to advise him that his testimony at that trial could be used to charge the petitioner with an additional crime.[20]

A criminal defendant has the right to take the stand and testify in his own defense. *Rock v. Arkansas*, 483 U.S. 44, 107 S.Ct. 2704, 2708 (1987). Only the defendant can voluntarily and knowingly waive that right. *Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997). The appropriate vehicle for claims that counsel interfered with a defendant's right to testify is a claim of ineffective assistance of counsel. *United States v. Brown*, 217 F.3d 247, 258-59 (5th Cir. 2000). There is "a strong presumption that counsel's decision not to place [a defendant] on the stand was sound trial strategy." *Sayre v. Anderson*, 238 F.3d 631, 635 (5th Cir. 2001). Nonetheless, counsel cannot override the ultimate decision of a defendant who wishes to testify contrary to counsel's advice. *United States v. Mullins*, 315 F.3d 449, 453 (5th Cir. 2002).

---

[20] Although Ground Five asserts a due process violation, the gist of the petitioner's argument is the denial of effective assistance of counsel.

Petitioner argued that at his first trial he testified that he provided K.G. with cocaine in exchange for sex.  Petitioner argued that after the jury could not reach a verdict resulting in a mistrial, the bill of information was amended to add the charge of possession with intent to distribute cocaine.  Petitioner argued that he would not have testified at the first trial if counsel had advised him that his testimony could be used to bring the additional charge.

The record evidence showed that trial counsel advised the petitioner not to testify at the first trial and the defense rested without the petitioner taking the stand to testify.[21]  When the trial resumed the petitioner acknowledged that trial counsel advised him not to testify but the petitioner insisted on doing so, stating that it was always his intention to testify.[22]

Even assuming that counsel failed to specifically advise the petitioner that his trial testimony could be used to bring additional charges against him and that counsel's failure to do so was deficient, the record supports a finding that law enforcement officers had more than sufficient evidence to charge the petitioner with possession with intent to distribute cocaine long before the

---

[21] State Court Record, Vol. 4, pp. 815-823, Jury Trial May, 2004.

[22] *Id*. at 816-823.

petitioner testified at his first trial in 2004.[23]  Because the petitioner cannot establish that he was prejudiced, this aspect of his ineffective assistance of counsel claim is without merit.

### D. Ground Four: Selective Prosecution

In Ground Four the petitioner argued that he was subjected to selective prosecution for possession of a controlled substance with the intent to distribute in violation of his equal protection rights.  Specifically, the petitioner, an African-American, argued that he was initially charged with forcible rape.  Petitioner argued that during his first trial he testified that he provided the victim cocaine in exchange for sex.  Petitioner argued that the victim and another witness, both Caucasian, testified that they purchased and used cocaine.  Petitioner argued that after the jury was unable to reach a verdict and the court declared a mistrial, the State amended the bill of information to add the drug charge.

Petitioner argued that the State singled him out for prosecution on the drug charge.  Petitioner argued that he was prosecuted on the drug charge because he is African-American, while the two witnesses, both Caucasian, were not charged and prosecuted even though they testified that they purchased and used cocaine.

The government has broad discretion in determining who to prosecute.  *See Wayte v. United States*, 470 U.S. 598, 607, 105

---

[23] *Id*. at Vol. 1, p. 34.

S.Ct. 1524, 1530 (1985).  A "presumption of regularity" supports prosecutorial decisions and courts presume prosecutors have properly discharged their official duties absent clear evidence to the contrary.  *United States v. Armstrong*, 515 U.S. 456, 464, 116 S.Ct. 1480 (1996) (citation omitted).

To establish a selective-prosecution claim, a defendant has a "heavy burden."  *United States v. Johnson*, 577 F.2d 1304, 1308 (5th Cir. 1978).  First, a defendant must make a *prima facie* showing that he was singled out for prosecution while others similarly situated who committed the same acts were not prosecuted.  *United States v. Jennings*, 724 F.2d 436, 445 (5th Cir. 1984).  Second, he must demonstrate that the government's selective prosecution was constitutionally invidious in that it rested upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights.  *Id.; Johnson*, 577 F.2d at 1308.  A showing of discriminatory purpose requires the petitioner to show that "the decisionmaker ... selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group."  *McCleskey v. Kemp*, 481 U.S. 279, 298, 107 S.Ct. 1756, 1770 (1987).

Petitioner failed to satisfy either prong of a *prima facie* selective prosecution claim.  First, the petitioner failed to make out a *prima facie* showing that he was singled out for prosecution

while others similarly situated who committed the same acts were not prosecuted.  Petitioner was charged with possession with intent to distribute cocaine in violation of LSA-R.S. 40:967(A).  There is no evidence in the record that the two witnesses committed the same acts.  Nor has the petitioner established the discriminatory purpose required under the second prong of the selective prosecution test.  There is no evidence in the record that the petitioner was prosecuted on the drug charge "because of" his race. Petitioner's selective prosecution claim is without merit.

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Angelo Mitchell be denied.

It is further recommended that a certificate of appealability be denied for the reasons set forth herein.

Baton Rouge, Louisiana, September 2, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE